IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**EDWARD J. HARRISON,**

                    **Petitioner,**

      **v.**                                  **CASE NO. 05-3278-RDR**

**EDWARD GALLEGOS,**

                      **Respondent.**


**O R D E R**

Before the court is a petition for a writ of habeas corpus under 28 U.S.C. 2241, filed pro se by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas.[1] Petitioner contends his confinement pursuant to his conviction and sentence in the United States District Court for the Southern District of Iowa is unconstitutional in light of United States v. Booker,[2] and argues habeas corpus relief under 28 U.S.C. 2241 is available because no other judicial form exists to address his

---

[1] Petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915 (Doc. 3) is rendered moot by petitioner's payment of the $5.00 district court filing fee.

[2] See United States v. Booker, 125 S.Ct. 738 (2005)(including companion case United States v. FanFan) (Supreme Court extends rationale in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004), to federal sentencing guidelines, finding mandatory provisions of U.S. Sentencing Guidelines are unconstitutional).

constitutional claim.[3]  Having reviewed petitioner's pleadings, the court directs petitioner to show cause why this matter should not be dismissed for lack of jurisdiction.

A petition under 28 U.S.C. 2255 attacks the legality of a prisoner's detention pursuant to a federal court judgment, and must be filed in the district court that imposed the sentence. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  It is well recognized that section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).  A petitioner may seek relief under 28 U.S.C. 2241 only if he shows the remedy available under section 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence.[4]  Bradshaw, 86 F.3d at 166.  *See also* Williams v. United States, 323 F.2d at 673 (for federal

---

[3]Petitioner states he sought relief without success in a motion filed under 28 U.S.C. 2255, and claims his allegations of constitutional error pursuant to Booker will not satisfy the statutory requirements for obtaining certification to pursue a second or successive 2255 action. *See* 28 U.S.C. 2255 (outlining requirements for circuit court's certification of a second successive 2255 motion).

[4]This "savings clause" text appears in 28 U.S.C. 2255 which prohibits the district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief under section 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*" (emphasis added).

prisoners, section 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention"). The "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Id. (quotation omitted). Nor is section 2255 rendered inadequate or ineffective by the mere fact that petitioner is procedurally barred from filing a second or successive 2255 application. *See* Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

Accordingly, to the extent petitioner contends the remedy available under 28 U.S.C. 2255 is inadequate or ineffective because such relief is now foreclosed, this is insufficient to satisfy the savings clause in section 2255. Moreover, the Tenth Circuit Court of Appeals has refused to retroactively apply Booker to cases on collateral review. *See* Bellamy v. United States, __F.3d __, 2005 WL 1406176, at *2-4 (10th Cir. June 16, 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005).

Absent a showing the remedy afforded under 28 U.S.C. 2255 is inadequate or ineffective to test the legality of petitioner's confinement, the court finds petitioner's application for a writ of habeas corpus under 28 U.S.C. 2241 is subject to being dismissed because this court lacks jurisdiction to consider allegations of constitutional error in petitioner's federal conviction and sentence. The failure to file a timely response may result in the petition being dismissed without further prior

notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis is denied as moot.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus should not be dismissed.

DATED:  This 11th day of July 2005, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge